# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **MARCIA M. EDWARDS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: **2:22-cv-144** |
| | ) |
| **PNC BANK, N.A.,** | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

PNC Bank, N.A. ("Defendant"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, hereby gives notice of the removal of this action from the Circuit Court of Dallas County, Alabama, to the United States District Court for the Southern District of Alabama, Northern Division. As grounds for this removal, Defendant states as follows:

**I.   PROCEDURAL HISTORY**

1. On March 8, 2022, Plaintiff Marcia M. Edwards ("Plaintiff") filed this action against Defendant in the Circuit Court of Dallas County, Alabama, Case No. 27-CV-2022-900026.00.[1] No other action has taken place in this matter.

2. In her Complaint, Plaintiff seeks monetary damages from the Defendant as well as certain declaratory relief based on alleged causes of action related to a 2006 loan and mortgage on property commonly known as 323 McDonald Avenue in Selma, Alabama ("The Property").

3. Defendant was served a copy of the Complaint and a Summons by certified mail on March 10, 2022.

4. This removal is timely pursuant to 28 U.S.C. § 1446(b), which provides, in pertinent part, as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

## II. FEDERAL QUESTION JURISDICTION

5. In her Complaint, Plaintiff provides a variety of allegations relating to

---

[1] In accordance with 28 U.S.C. § 1446(a), a copy of the state court file is attached hereto as **Exhibit A**.

an alleged forgery of the underlying mortgage at issue, as well as the servicing of the purported forged mortgage loan and the eventual foreclosure on the Property (the "Property"). *See* Ex. A (Compl.) at ¶¶ 5-24.[2] Based on those allegations, Plaintiff asserts fifteen causes of action against Defendant, including claims under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

6. Defendant is entitled to remove this action under 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. § 1331 over Plaintiff's causes of action for alleged violations of TILA, RESPA, the FCRA, and the FDCPA. Those causes of action "aris[e] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and "aris[e] under . . . Act[s] of Congress regulating commerce or protecting trade and commerce," 28 U.S.C. § 1337(a). Because the Complaint asserts such claims, this action is removable because it is a "civil action brought in a State court of which the district courts of the United States have original

---

[2] This Notice of Removal is based on the allegations in the Complaint and what is placed in controversy by that Complaint, and is filed subject to and with full reservation of rights. No admissions of fact, law or liability are intended by this Notice of Removal, and all defenses and grounds for motions and pleas are expressly reserved.

jurisdiction," 28 U.S.C. § 1441(a), and is a "civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States," 28 U.S.C. § 1441(b).

7. The Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's remaining causes of action—her claims for negligence, wantonness, unjust enrichment, wrongful foreclosure, slander of title, breach of contract, fraud, false light, and defamation/libel/slander, quiet title, and declaratory judgment — because they are so related to their federal claims that, in the words of § 1367(a), they are part of the "same case or controversy under Article III of the United States Constitution." The state-law claims are transactionally related to, and arise out of, the same common nucleus of operative facts as Plaintiff's federal claims. Specifically, Plaintiff contends that she did not sign the 2006 mortgage loan documents and was not aware of the existence of such loan until after her husband's death in March 2016. She alleges that Defendant improperly began foreclosure proceedings on the Property, provided false credit reporting regarding the loan, published false and defamatory information about her, and threatened to and did foreclose on Plaintiff without any basis to do so; and that such conduct serves as the basis for both the federal-law causes of action and the state-law causes of action. As such, the state-law claims should be tried along with Plaintiff's federal causes of action in one action. Considerations of convenience, judicial economy and fairness

to the litigants strongly favor this Court's exercising jurisdiction over Plaintiff's entire Complaint. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725-26 (1966).

### III. DIVERSITY JURISDICTION

8. In addition to federal question jurisdiction, this Court also has original jurisdiction over this action under 28 U.S.C. § 1332, which provides in relevant part: "The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . (1) citizens of different States . . . ."

9. This Court has original jurisdiction because there is complete diversity of all parties and the amount in controversy exceeds $75,000.00.

10. Plaintiff is a citizen of the state of Alabama. (See Complaint ¶ 2).

11. Defendant is a national bank with its designated main office in Delaware, and as such is a citizen of the state of Delaware. *See* 28 U.S.C. § 1348 (national banks "shall…be deemed citizens of the States in which they are respectively located."). *See also Wachovia Bank, N.A. v. Schmidt,* 546 U.S. 303, 307, 126 S.Ct. 941, 945 (2006) (holding the term "located" as used in § 1348 refers to the place designated as a national bank's main office in its articles of incorporation).

12. As a result, complete diversity of citizenship exists between Plaintiff and Defendant.

13. Plaintiff's Complaint also meets the $75,000.00 jurisdiction threshold for diversity jurisdiction. 28 U.S.C. § 1332(a). Plaintiff's fifteen count complaint demands various monetary damages, including actual damages, compensatory damages, statutory damages, punitive damages, and attorneys' fees. Further, Plaintiff demands free and clear title to the Property (Complaint, ¶ 111). As based on the 2020 tax assessed value of the Property from the Dallas County, Alabama Tax Assessor's office (showing a tax assessed value of the Property at $81,600), the amount in controversy is clearly more than $75,000 and thus the jurisdictional threshold is satisfied. (**Exhibit B**, Printout from Dallas County Tax Assessor's public property tax search, https://dallascountyproperty-tags.com/property.html#/).

### III. ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

14. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

15. This removal is timely pursuant to 28 U.S.C. §1446(b).

16. Defendant has heretofore sought no similar relief.

17. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because the district and division embrace the Circuit Court of Dallas County, Alabama, the forum in which the removed action was pending.

18. A copy of this notice is being filed with the Clerk of the Circuit Court of Dallas County, Alabama, as provided under 28 U.S.C. § 1446. Defendant is also giving prompt written notice to Plaintiff of the filing of this Notice of Removal.

19. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the Defendant's rights to assert any defense or affirmative matter, whether pursuant to Fed. R. Civ. P. 8(c), Fed. R. Civ. P. 12(b), or otherwise.

20. Defendant reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE,** Defendant requests that the Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Dallas County, Alabama to the United States District Court for the Southern District of Alabama, Northern Division.

/s/ Jon H. Patterson
Jon Patterson
Jared C. Searls
BRADLEY ARANT BOULT CUMMINGS, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
jpatterson@bradley.com
jsearls@bradley.com

*ATTORNEYS FOR DEFENDANT PNC BANK, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2022, this pleading was e-filed and further that I served a copy of the foregoing via first-class U.S. Mail, postage prepaid, to the following:

Kenneth James Lay
Hood & Lay, LLC
1117 22nd Street South
Birmingham, Alabama 35205

*Attorney for Plaintiff*

/s/ Jon H. Patterson
OF COUNSEL